Harvey & Keith v. Adams.

HARVEY & KEITH v. J. A. ADAMS.

SALE OF LAND. *Under execution.* If a sheriff, under an execution, sells land and it is bid in by a purchaser who fails to pay the money, and he again sells at a less sum to another purchaser, the first purchaser cannot be held liable by the judgment creditor for the difference in the first and last bid.

FROM CARROLL.

Appeal from the Chancery Court at Huntingdon. JNO. SOMERS, Ch.

Harvey & Keith v. Adams.

HAWKINS & TOWNES for complainants.

JO. R. & S. W. HAWKINS for defendant.

MCFARLAND, J., delivered the opinion of the court.

The bill alleges that complainants obtained judgment at law against the firm of Harris & Barksdale, upon which execution issued and was levied upon certain lands of Harris, one of said firm. After due advertisement and notice the lands were sold by the sheriff and bid off by the defendant Adams, who was the highest and best bidder; but in the language of the bill, he failed and refused to pay the money on his said bids, and still fails and refuses to do so, though often so requested, and though he has repeatedly promised to pay the same. The sheriff returned the execution with an endorsement of the facts thereon, and at the next term the order of sale was duly and regularly renewed by said circuit court, and the land ordered to be sold. The order of sale issued, and the sheriff again advertised and gave notice and sold the lands, the complainants becoming the purchasers at a sum less than the bids of said Adams at the first sale, and less than the amount of complainant's judgment. The complainants notified Adams that they would hold him liable for the difference in the two sales, and he also had notice of the time and place of the second sale. The complainants file this bill to recover of Adams the difference between the two sales. The chancellor sustained a demurrer and dismissed the bill. We think his decree is correct.

We do not place the decision upon the ground that a tender of a deed or certificate of the sale by the sheriff is essential to the validity of the sale, as such sales are not within the statute of frauds: *Nichol* v. *Ridley*, 5 Yer., 63. See, also, Code, sec. 3056.

We may further concede that the sale is complete when the bid is accepted and the term agreed upon, as in the sale of chattels. In the sale of personal chattels by one individual to another, if the purchaser refuse to accept and pay for the chattels, the seller has the option to sue and recover the price stipulated, or he may give the purchaser notice of his intention to re-sell, and if within a reasonable time the purchaser does not receive and pay for the goods, the seller is not bound to keep them to his own injury, but may re-sell, and the purchaser will be presumed to have attended to the sale and to have given the seller authority to sell as his agent, and in such case the seller may recover the difference in the proceeds of the two sales: *Williams* v. *Godwin*, 4 Sneed, 556; *McClure* v. *Crozier* & *Williams*, 5 Sneed, 718. But we think these authorities do not sustain the present demand.

In the first place, there is no privity of contract between the complainants and the defendant. The defendant's contract was with the sheriff, and the liability to him. If the sheriff had chosen to return the sale as complete and accepted the defendant's promise to pay the money, an action could no doubt have been maintained by the sheriff against the defendant. The sheriff would have been personally liable for the amount of the bid. Or if the complainants, as execution cred-

itors, had accepted the promise of the defendant in lieu of the money from the sheriff, then they could no doubt have maintained their action. But in the absence of any arrangement of this sort, the right of the complainants, if any, must be through the sheriff: See *Roberts* v. *Westbrook*, 1 Cold., 115. In that case, the property (a slave) was sold by the officer, but the purchaser refused to pay the money, and the sheriff at once re-sold for a less sum. The action was by the execution debtor to hold the officer liable for the difference, upon the ground that he was selling as the agent of the parties, and should have compelled the first purchaser to pay his bid. But the court held that the officer was not the agent of the parties, but the officer of the law, and had strictly observed his duty and was hence not liable. The court said that if the refusal of the purchaser to pay his bid was a legal wrong to the execution debtor, inasmuch as there was no privity between him and the purchaser, the remedy, if any, should be sought through the officer. "But," say the court, "we are not prepared to admit that the execution debtor, even in this mode, could entitle himself to any redress," and add, that the principle applicable to commercial sales of goods between individuals, namely, that where the sale is complete, and the purchaser refuse to accept and pay for the goods, they may be re-sold and the purchaser held liable for the difference, does not apply to execution sales.

We take it to be clear that the execution creditor, in a case like this, could have no more right than

the execution debtor, in a case where, as in *Roberts* v. *Westbrook*, the last sale was sufficient to satisfy the execution.

The second sale in this case, according to the allegations of the bill, was a sale under process for the satisfaction of the complainants' judgment against the execution debtor, precisely a similar sale to the first—the land was sold as the property of the execution debtor to satisfy the complainants' judgment against him. There was no authority for the officer to make this sale as the agent of the defendant, nor was the sale made under any such assumption. The sale was, therefore, in effect a waiver and abandonment of the first sale.

It probably results from this, that unless the sheriff, either with or without the authority of the execution creditor, choses to accept the bid and promise of the first purchaser as an absolute sale, or the creditor accept such promise in lieu of money, there is no remedy. As we have seen, the sheriff is not liable for failing to do so. He is in the strict line of his duty to re-sell at once. If the creditor acquiesce in this, there is probably no remedy. But at all events, we hold that the present bill makes no case for relief,

And the decree will be affirmed with costs.